# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00233-CV

**Hardin County Community Supervision and Corrections Department, Appellant**

**v.**

**Patricia Sullivan and Dannah Broughton, Appellees**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT NO. 97-02945A, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING

## O P I N I O N

This is an employment discrimination case filed under the Texas Commission on Human Rights Act (the Act).[1] *See* Tex. Lab. Code Ann. '' 21.001-.306 (West 1996 & Supp. 2003). Patricia Sullivan and Dannah Broughton brought suit against Hardin County Community Supervision and Corrections Department (HCCSCD), alleging that they were terminated by HCCSCD because of their age. HCCSCD filed a motion for summary judgment and plea to the jurisdiction on the basis that it is not an Aemployer@ as that term is defined in the Act. The trial court denied HCCSCD=s motion and plea and

---

[1]     Under the Texas Commission on Human Rights Act (the Act) it is unlawful for an employer to discharge an individual or otherwise discriminate against an individual because of age. *See* Tex. Lab. Code Ann. '' 21.001, .002, .051 (West 1996 & Supp. 2003).

HCCSCD filed this interlocutory appeal.[2] Tex. Civ. Prac. & Rem. Code ' 51.014. For the reasons set forth below, we vacate the trial court=s judgment and dismiss this case for want of subject-matter jurisdiction.

**BACKGROUND**

Sullivan and Broughton served as adult probation officers for the Hardin County Community Supervision and Corrections Department. Community Supervision and Corrections Departments (CSCDs) in Texas, formerly called Probation Departments, are established in each judicial district by the district judge or judges trying criminal cases. CSCDs are responsible for conducting pre-sentence investigations of criminal defendants, supervising and rehabilitating defendants placed on community supervision, enforcing the conditions of community supervision, and staffing community corrections facilities. *See* Tex. Gov=t Code Ann. ' ' 76.001-.017 (West 1998 & Supp. 2003).[3] The Community Justice Assistance Division (CJAD),

---

[2] On appeal, Hardin County Community Supervision and Corrections Department (HCCSCD) only complains of the trial court=s denial of its plea to the jurisdiction.

[3] The provisions governing community supervision and corrections departments were formerly contained in the code of criminal procedure. *See* Act of April 25, 1995, 74th Leg., R.S., ch. 76, ' 7.11, 1995 Tex. Gen. Laws 458, 580-84 (transferring the substance of article 42.131 code of criminal procedure to government code); Act of April 25, 1995, 74th Leg., R.S., ch. 76, ' 7.12, 1995 Tex. Gen

a department of the Texas Department of Criminal Justice, is under a statutory mandate to establish minimum standards for programs, facilities, and services provided by CSCDs and to fund their programs, facilities, and services. In addition, CJAD is responsible for inspecting and auditing these local departments. *See id.* '' 509.001-.012 (West 1998 & Supp. 2003).

Laws 458, 584 (repealing article 42.131, code of criminal procedure). Because the substance of the provisions implicated in this appeal has not changed, the Government Code is cited for convenience.

In 1995, CJAD audited the Hardin County CSCD and found several problems. One of the problems CJAD found involved HCCSCD=s reporting and receiving state payments for completing pre-sentence investigation reports that were ineligible for state funding. As a result, CJAD imposed fiscal and management controls over HCCSCD. Concurrent with CJAD taking over HCCSCD, a new director, Cindy Cain, was hired. Ms. Cain was advised by the district judge to inform CSCD employees that she would be re-examining and restructuring the department and that there might be a reduction in the work force. On June 5, 1995, three probation officers, including Sullivan and Broughton, received letters from Cain advising them that because of drastic cuts in state funding, she had to reduce the workforce and they were being terminated. Both Sullivan and Broughton were over the age of forty. Sullivan and Broughton sued HCCSCD, alleging age discrimination.[4] HCCSCD filed a motion for summary judgment and plea to

---

[4] Sullivan and Broughton also sued the Texas Department of Criminal Justice (Athe Department@). However, the Department moved for summary judgment on the basis that it was not Sullivan and Broughton=s employer. The Department=s motion for summary judgment was granted, which this Court affirmed. *See Sullivan v. Texas Dep=t of Crim. Justice*, No. 03-99-00149CV, 2000 Tex. App. Lexis 736 (Tex. App.CAustin Feb. 3, 2000) (not designated for publication).

the jurisdiction, which the trial court denied.[5]  HCCSCD appeals the trial court≠s denial of its plea, arguing (1) CSCDs are not employers under the Act; and (2) Sullivan and Broughton were employed by the district judges, not by HCCSCD.[6]

## DISCUSSION

A plea to the jurisdiction contests a trial court≠s subject matter jurisdiction.  *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000); *see also Texas Dep≠t of Transp. v. Jones*, 8 S.W.3d 636, 637 (Tex. 1999).  Because subject matter jurisdiction poses a question of law, we review rulings on a plea to the jurisdiction *de novo.  See Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998).

---

[5]  In the remaining suit against HCCSCD, all Sullivan and Broughton pleadings allege that HCCSCD is their employer in fact.

[6]  At oral argument HCCSCD conceded its third issue is not appropriate for consideration in this interlocutory appeal.

The plaintiff bears the burden of pleading facts that show the trial court has subject matter jurisdiction; therefore, we examine a plaintiff=s good faith factual allegations to determine whether the trial court has jurisdiction. *Texas Dep=t of Crim. Justice v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001) (citing *Texas Natural Res. Conservation Comm=n v. White*, 46 S.W.3d 864, 868 (Tex. 2001)) (whether plaintiff has affirmatively demonstrated court=s jurisdiction to hear cause governed by Afacts alleged by the plaintiff, and to the extent it is relevant to the jurisdictional issue, the evidence submitted by the parties@); *Brannon v. Pacific Employers Ins. Co.*, 224 S.W.2d 466, 469 (Tex. 1949). The nature of the issues raised in a plea to the jurisdiction determines the scope of the court=s focus; this means we may look beyond the pleadings and are required to do so when necessary to resolve the jurisdictional issues raised. *Bland Indep. Sch. Dist.*, 34 S.W.3d at 555. Unless there is fraudulent pleading to confer jurisdiction or the face of the petition affirmatively demonstrates a lack of jurisdiction, the trial court must liberally construe the plaintiff=s allegations in favor of jurisdiction. *See Continental Coffee Prods. Co. v. Cazarez*, 937 S.W.2d 444, 449 (Tex. 1996); *Peek v. Equipment Serv. Co.*, 779 S.W.2d 802, 804 (Tex. 1989). On appeal, HCCSCD claims that because it is not an employer under the Act, it is not subject to suit. HCCSCD argues that the employer is the district judges.[7] We agree with HCCSCD and will address its second argument first.

---

[7] In their brief, Sullivan and Broughton argue that HCCSCD did not raise this ground in its plea to the jurisdiction and therefore this Court cannot address it. *See* Tex. R. App. P. 33.1. However, the question of jurisdiction is fundamental and may be raised at any time. *Tullos v. Eaton Corp.*, 695 S.W.2d 568, 568 (Tex. 1985). In any event, after carefully reviewing HCCSCD=s plea to the jurisdiction, we find that HCCSCD asserted that the district judges are the employer.

The government code specifically states the district judges shall Aemploy district personnel as necessary to conduct presentence investigations, supervise and rehabilitate defendants placed on community supervision, enforce the conditions of community supervision, and staff community corrections facilities.@ Tex. Gov=t Code Ann. ' 76.002(a)(2) (West 1998). The district judges participate in the management of the department, appoint the department director, and employ and pay district personnel. *See id.* '' 76.002(b), .004(a), .006(b).

The employment status of probation officers and employees of CSCDs has been described by one commentator as Amurky.@ *See* 36 David B. Brooks, *County and Special District Law* ' 22.31, 111-12 (1989). However, several courts have held them to be officers and employees of the judicial districts they serve rather than employees of the county. In *Shore v. Howard*, 414 F. Supp. 379, 385-86 (N.D. Tex. 1976), as in the case at bar, the plaintiffs were terminated by the CSCD director. The issue was whether the CSCD was the plaintiff=s employer. Under a statute similar to the one in this case, the court held that probation department employees were employees of the district judges, stating A[j]udges are given the ultimate power to employ and dismiss individuals in the . . . Adult Probation Office. Any actions by Defendant Howard in his official capacity would be as an agent for the Judges.@ *Id*. at 385. The court went on to say that A[a]ny equitable relief granted must therefore be directed against the >Judges . . . .=@ *Id.*; *see also Clark v. Tarrant County*, 608 F. Supp. 209, 211 (N.D. Tex. 1976) (holding that probation department employees were not county employees), *rev=d in part on other grounds*, 798 F.2d 736, 739 (5th Cir. 1986).

7

Additionally, when faced with questions regarding CSCDs, the attorney general has concluded that adult probation department officers and employees are employees of the judicial district they serve. *See* Op. Tex. Att=y Gen. No. JC-0314 (2000) (ACourts and this office have held that adult probation department officers and employees are not county officers and employees; they are officers and employees of the judicial districts they serve.@); Op. Tex. Att=y Gen. L.O. No. 97-090 (1997) (AJudges, not the director, are ultimately responsible to appoint department personnel.@). While attorney general opinions do not carry the decisive weight of case law, they are generally regarded as highly persuasive and entitled to careful consideration by the courts. *Shore*, 414 F. Supp. at 390. We hold that it is the district judges of the judicial district, and not HCCSCD, that is the employer of Sullivan and Broughton.

Generally, the state of Texas has sovereign immunity from suit unless immunity has been waived by the legislature. *Tex. Natural Rex. Conservation Comm=n v. IT-Davy*, 74 S.W.3d 849, 853-54 (Tex. 2002). In employment discrimination cases, the legislature has waived immunity under the Act for Aemployers@ engaging in unlawful employment practices. *See* Tex. Lab. Code Ann. '' 21.001-.306. However, Sullivan and Broughton have brought suit against a governmental entity which we have determined is not their employer. Moreover, Sullivan and Broughton admit in their brief that Apursuant to state law, ultimate control of HCCSCD is vested in the district judges . . . and state judicial districts.@ Because we hold that HCCSCD is not Sullivan and Broughton=s employer, they have sued an entity for which immunity has not been waived under the Act. Therefore, the trial court does not have jurisdiction over this suit and should have granted HCCSCD=s plea to the jurisdiction.

**CONCLUSION**

8

Having decided that it is the district judges, and not HCCSCD, that are Sullivan and Broughton=s employer within the meaning of the Act, we vacate the trial court=s judgment and dismiss this case for want of subject-matter jurisdiction.

_____

David Puryear, Justice

Before Justices Patterson, Puryear and Aboussie[*]

Vacated and Dismissed for Want of Subject-Matter Jurisdiction

Filed:   March 20, 2003

---

[*]  Before Marilyn Aboussie, Chief Justice (retired), Third Court of Appeals, sitting by assignment. *See* Tex. Gov=t Code Ann. ' 74.003(b) (West 1998).