United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 6, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-10714
Summary Calendar
_____

CALEB OUMA ADONGO

Plaintiff - Appellant

v.

STATE OF TEXAS, Tarrant County Department of Community
Supervision; STATE OF FLORIDA, Department of Corrections,
Volusia County Commissioner; EMBRY RIDDLE UNIVERSITY, Campus
Safety Florida

Defendants - Appellees

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:03-CV-1211-Y
--------------------

Before KING, Chief Judge, and DAVIS and STEWART, Circuit Judges.

PER CURIAM:[*]

Caleb Ouma Adongo, Texas inmate #0405821, proceeding pro se

and in forma pauperis ("IFP"), appeals the district court's final

judgment that dismissed his 42 U.S.C. § 1983 complaint. Adongo

contends that the district court erred by dismissing his claims

against the Tarrant County, Texas, Department of Community

Supervision and the Volusia County, Florida, Department of

Corrections. He argues that the Eleventh Amendment does not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

prohibit suits under 42 U.S.C. § 1983 against municipal corporations.

We review Adongo's contentions de novo. Cozzo v. Tangipahoa Parish Council, 279 F.3d 273, 280 (5th Cir. 2002); Ruiz v. United States, 160 F.3d 273, 275 (5th Cir. 1998). The district court did not dismiss as barred by the Eleventh Amendment claims against a municipal corporation. The district court dismissed on immunity grounds claims against the State of Florida, Department of Corrections and the State of Texas, Tarrant County Department of Community Supervision. Eleventh Amendment immunity bars claims under 42 U.S.C. § 1983 against these entities. See Oliver v. Scott, 276 F.3d 736, 742 n.5 (5th Cir. 2002); Hardin County Cmty. Supervision and Corrs. Dep't v/ Sullivan, 106 S.W.3d 186, 187 (Tex. App. 2003); Howlett v. Rose, 496 U.S. 356, 365 (1990); Hill v. Dep't of Corrs., 513 So. 2d 129, 130, 133 (Fla. 1987).

Adongo has not adequately briefed an argument challenging the district court's reasons for dismissing without prejudice for lack of personal jurisdiction the claims against the unnamed Volusia County Commissioner, the Department of Campus Safety, and the Embry-Riddle Aeronautical University. Accordingly, he has abandoned any appeal of this issue. FED. R. APP. P. 28; Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995); Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Adongo asserts that he was denied due process during his arrest, detention, and revocation proceedings. He contends that

Texas delayed in completing his extradition, the delay constituted a waiver, his arrest was made without a warrant, he was denied counsel, the motion to revoke was invalid and defective, his probation officers refused to appear at the revocation hearing, he was denied the right to confront his probation officers regarding the charged violations, and that favorable evidence was destroyed. As the district court determined, under Heck v. Humphrey, 512 U.S. 477, 486 (1994), a favorable ruling on these 42 U.S.C. § 1983 claims would call into question the validity of the judgment that revoked Adongo's probation.

Heck is applicable to 42 U.S.C. § 1983 claims that challenge revocation proceedings. See Littles v. Bd. of Pardons and Paroles Div., 68 F.3d 122, 123 (5th Cir. 1995); McGrew v. Texas Bd. of Pardons and Paroles, 47 F.3d 158, 161 (5th Cir. 1995). The district court did not err when it determined that Adongo may not obtain relief under 42 U.S.C. § 1983 because he has not shown that the judgment that revoked his probation is reversed or otherwise called into question. See Heck, 512 U.S. at 486-87; Littles, 68 F.3d at 123.

Accordingly, the judgment is AFFIRMED. The district court's dismissal of Adongo's complaint counts as a strike for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996). Adongo is cautioned that once he accumulates three strikes, he may not proceed IFP in any civil

action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.