NO. 07-04-0427-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



AUGUST 2, 2005



______________________________




ROGER BELTRAN ROSALEZ, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


 

_________________________________



FROM THE 31ST DISTRICT COURT OF GRAY COUNTY;



NO. 6229; HONORABLE STEVEN R. EMMERT, JUDGE


_______________________________




Before REAVIS and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Appellant Roger Beltran Rosalez appeals from a judgment revoking community
supervision and imposing sentence pursuant to a conviction for driving while intoxicated. 
We affirm.

 In accordance with a plea bargain, appellant entered a plea of guilty to a charge of
driving while intoxicated - subsequent offense, a third degree felony. The trial court found
that the evidence substantiated appellant's guilt, accepted the guilty plea, found appellant
guilty, and sentenced appellant to confinement for ten years and a fine of $5,000. 
However, the confinement portion of the sentence was suspended and appellant was
placed on community supervision for ten years.

 The State filed an Amended Motion to Revoke appellant's community supervision
which alleged that appellant had violated conditions of community supervision by (1)
committing new criminal offenses, (2) using illegal substances on various dates, (3) failing
to report for the month of January 2004, (4) failing to pay costs, and (5) failing to pay
community supervision fees. Appellant pled not true to the alleged violations. After the
testimony of Mark Watson, appellant's community supervision officer, the trial court found
that appellant had violated the terms of his community supervision, revoked appellant's
community supervision, and ordered appellant serve the confinement portion of his
sentence in the Institutional Division of the Texas Department of Criminal Justice. 
Appellant filed notice of appeal. 

 Appellant raises three issues. Appellant contends that the trial court erred by (1)
allowing testimony as to the contents of appellant's file maintained by the community
supervision office, (2) allowing testimony of lab results contained within appellant's file, and
(3) imprisoning appellant for the failure to pay a debt.

 We review the trial court's decision regarding community supervision revocation for
an abuse of discretion, see Cardona v. State, 665 S.W.2d 492, 493 (Tex.Crim.App. 1984),
and examine the evidence in a light most favorable to the trial court's order, see Garrett
v. State, 619 S.W.2d 172, 174 (Tex.Crim.App. [Panel Op.] 1981). The burden of proof in
a revocation of community supervision proceeding is by a preponderance of the evidence. 
See Garrett, 619 S.W.2d at 174. The trial court is the exclusive judge of the credibility of
the witnesses and determines whether the allegations in the motion to revoke are
sufficiently demonstrated. Greer v. State, 999 S.W.2d 484, 489 (Tex.App.-Houston [14th
Dist.] 1999, pet. ref'd). To support a trial court's decision of revocation, the record must
contain some evidence of a violation of community supervision. See Herald v. State, 67
S.W.3d 292, 293 (Tex.App.-Amarillo 2001, no pet.); Brumbalow v. State, 933 S.W.2d 298,
300 (Tex.App.-Waco 1996, pet. ref'd). 

 In appellant's first issue, he contends that Cole v. State, 839 S.W.2d 798
(Tex.Crim.App. 1990), demonstrates the inadmissibility of testimony of the community
supervision officer relating to appellant's community supervision file. In Cole, the court
ruled that records prepared by law enforcement personnel during a criminal investigation
were not excluded from hearsay by the public records exception, Tex. R. Evid. 803(8)(B),
because it determined that the chemist's report were (1) prepared by "law enforcement
personnel," (2) during a criminal investigation, (3) subjectively interpreting results of the
investigation, and (4) not ministerial, objective observations of unambiguous facts. See
Cole, 839 S.W.2d at 810. Further, the Cole court concluded that records inadmissible
under Tex. R. Evid. 803(8)(B) are not admissible under Tex. R. Evid. 803(6). Id. at 811. 
However, we believe that a community supervision revocation proceeding is different than
the situation in Cole. A community supervision revocation proceeding is an administrative
hearing, not a criminal trial. See Cobb v. State, 851 S.W.2d 871, 873 (Tex.Crim.App.
1993); Bradley v. State, 564 S.W.2d 727, 729 (Tex.Crim.App. 1978). Further, the
testimony of Watson related to his role as an officer of the court, not as law enforcement
investigating a crime. See Tex. Code Crim. Proc. Ann. art. 42.12, § 1 (Vernon Supp.
2004); Tex. Gov't Code Ann. § 76.002 (Vernon 2005); See also Cunningham v. State, 488
S.W.2d 117, 120 (Tex.Crim.App. 1972) (the goal of a probation officer is to help rehabilitate
probationer, not to apprehend and convict criminals). Specifically, community supervision
officers are employees of the trial court. See Hardin County Community Supervision and
Corrections Dep't v. Sullivan, 106 S.W.3d 186, 189 (Tex.App.-Austin 2003, no pet.)
(probation department officers and employees are employees of the judicial district they
serve); Vondy v. Commissioners Court of Uvalde County, 620 S.W.2d 104, 110 (Tex. 1981)
(courts have the inherent power to hire probation officers). Finally, the community
supervision file contains information that is objective and routine, and not prepared in an
adversarial nor investigative manner. See Greer, 999 S.W.2d at 489. Viewing the
evidence in the light most favorable to the trial court's order, we conclude that appellant's
file maintained by the community supervision office is not precluded as admissible evidence
by Tex. R. Evid. 803(8)(B). See Smart v. State, 153, S.W.3d 118, 121
(Tex.App.-Beaumont 2004, pet. ref'd) (the admission of evidence is more flexible at a
revocation proceeding); see also Greer v. State, 999 S.W.2d at 489. 

 Next, we address whether appellant's community supervision file is admissible as
a business record. Under appellant's previous contention, appellant's objection was that
appellant's community supervision file is not admissible as a business record because it
was inadmissible under Tex. R. Evid. 803(8). However, appellant does not complain that
the trial court erroneously ruled that the community supervision file was admissible as a
business record, or that the State failed to prove the file as a business record. We
conclude that the trial court did not abuse its discretion in admitting the records as business
records. See Texas Dep't of Public Safety v. Pruitt, 75 S.W.3d 634, 637 (Tex.App.-San
Antonio 2002, no pet.). We overrule appellant's first issue.

 Next, appellant contends that the trial court erred in allowing Watson to testify
regarding lab results contained in appellant's community supervision file. By this
contention, appellant challenges the testimony to prove a violation of the second condition
of appellant's community supervision order. (1) Assuming without deciding, that the trial court
erred in allowing Watson to testify as to the results of the urinalysis lab test, we would then
determine whether appellant was harmed by such error. See Broderick v. State, 35 S.W.3d
67, 74 (Tex.App.-Texarkana 2000, pet. ref'd). The State's first amended motion to revoke
community supervision alleged three separate violations of the third condition, only one of
which was proven by the complained of test results. The other two violations were proven
by appellant's own written admissions of using marijuana and cocaine during the period of
his community supervision. We conclude that the trial court had some evidence, even
without the lab results or testimony regarding the lab results, to find that appellant had
violated his community supervision by using narcotics during the period of his community
supervision. See Herald, 67 S.W.3d at 293; Brumbalow, 933 S.W.2d at 300. Hence, the
trial court did not abuse its discretion in finding that appellant had violated the third
condition of his community supervision by using narcotics. We overrule appellant's second
issue. 

 Appellant's final contention that the Texas Constitution prohibits imprisonment for
debt is foreclosed by Thompson v. State, 557 S.W.2d 521, 525 (Tex.Crim.App. 1977). We
further note that appellant has failed to cite any authority to support his position. See Tex.
R. App. P. 38.1(h). We overrule appellant's third issue.

 Even if appellant succeeded on all three issues presented, appellant does not
dispute the trial court's finding that appellant violated his community supervision by failing
to report monthly as required by his community supervision. Therefore, the trial court did
not abuse its discretion in revoking appellant's community supervision since one violation
is sufficient ground for revocation. See Moore v. State, 605 S.W.2d 924, 926
(Tex.Crim.App. [Panel Op.] 1980). We affirm.


 Mackey K. Hancock

 Justice


Do not publish.
1.