NO. 07-04-0427-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 2, 2005

_____

ROGER BELTRAN ROSALEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 31ST DISTRICT COURT OF GRAY COUNTY;

NO. 6229; HONORABLE STEVEN R. EMMERT, JUDGE

_____

Before REAVIS and CAMPBELL and HANCOCK, JJ.

_____**MEMORANDUM OPINION**

Appellant Roger Beltran Rosalez appeals from a judgment revoking community supervision and imposing sentence pursuant to a conviction for driving while intoxicated. We affirm.

In accordance with a plea bargain, appellant entered a plea of guilty to a charge of driving while intoxicated - subsequent offense, a third degree felony. The trial court found

that the evidence substantiated appellant's guilt, accepted the guilty plea, found appellant guilty, and sentenced appellant to confinement for ten years and a fine of $5,000. However, the confinement portion of the sentence was suspended and appellant was placed on community supervision for ten years.

The State filed an Amended Motion to Revoke appellant's community supervision which alleged that appellant had violated conditions of community supervision by (1) committing new criminal offenses, (2) using illegal substances on various dates, (3) failing to report for the month of January 2004, (4) failing to pay costs, and (5) failing to pay community supervision fees. Appellant pled not true to the alleged violations. After the testimony of Mark Watson, appellant's community supervision officer, the trial court found that appellant had violated the terms of his community supervision, revoked appellant's community supervision, and ordered appellant serve the confinement portion of his sentence in the Institutional Division of the Texas Department of Criminal Justice. Appellant filed notice of appeal.

Appellant raises three issues. Appellant contends that the trial court erred by (1) allowing testimony as to the contents of appellant's file maintained by the community supervision office, (2) allowing testimony of lab results contained within appellant's file, and (3) imprisoning appellant for the failure to pay a debt.

We review the trial court's decision regarding community supervision revocation for an abuse of discretion, see Cardona v. State, 665 S.W.2d 492, 493 (Tex.Crim.App. 1984), and examine the evidence in a light most favorable to the trial court's order, see Garrett

2

v. State, 619 S.W.2d 172, 174 (Tex.Crim.App. [Panel Op.] 1981). The burden of proof in a revocation of community supervision proceeding is by a preponderance of the evidence. See Garrett, 619 S.W.2d at 174. The trial court is the exclusive judge of the credibility of the witnesses and determines whether the allegations in the motion to revoke are sufficiently demonstrated. Greer v. State, 999 S.W.2d 484, 489 (Tex.App.–Houston [14th Dist.] 1999, pet. ref'd). To support a trial court's decision of revocation, the record must contain some evidence of a violation of community supervision. See Herald v. State, 67 S.W.3d 292, 293 (Tex.App.–Amarillo 2001, no pet.); Brumbalow v. State, 933 S.W.2d 298, 300 (Tex.App.–Waco 1996, pet. ref'd).

In appellant's first issue, he contends that Cole v. State, 839 S.W.2d 798 (Tex.Crim.App. 1990), demonstrates the inadmissibility of testimony of the community supervision officer relating to appellant's community supervision file. In Cole, the court ruled that records prepared by law enforcement personnel during a criminal investigation were not excluded from hearsay by the public records exception, TEX. R. EVID. 803(8)(B), because it determined that the chemist's report were (1) prepared by "law enforcement personnel," (2) during a criminal investigation, (3) subjectively interpreting results of the investigation, and (4) not ministerial, objective observations of unambiguous facts. See Cole, 839 S.W.2d at 810. Further, the Cole court concluded that records inadmissible under Tex. R. Evid. 803(8)(B) are not admissible under TEX. R. EVID. 803(6). Id. at 811. However, we believe that a community supervision revocation proceeding is different than the situation in Cole. A community supervision revocation proceeding is an administrative hearing, not a criminal trial. See Cobb v. State, 851 S.W.2d 871, 873 (Tex.Crim.App.

3

1993); Bradley v. State, 564 S.W.2d 727, 729 (Tex.Crim.App. 1978). Further, the testimony of Watson related to his role as an officer of the court, not as law enforcement investigating a crime. See TEX. CODE CRIM. PROC. ANN. art. 42.12, § 1 (Vernon Supp. 2004); TEX. GOV'T CODE ANN. § 76.002 (Vernon 2005); See also Cunningham v. State, 488 S.W.2d 117, 120 (Tex.Crim.App. 1972) (the goal of a probation officer is to help rehabilitate probationer, not to apprehend and convict criminals). Specifically, community supervision officers are employees of the trial court. See Hardin County Community Supervision and Corrections Dep't v. Sullivan, 106 S.W.3d 186, 189 (Tex.App.–Austin 2003, no pet.) (probation department officers and employees are employees of the judicial district they serve); Vondy v. Commissioners Court of Uvalde County, 620 S.W.2d 104, 110 (Tex. 1981) (courts have the inherent power to hire probation officers). Finally, the community supervision file contains information that is objective and routine, and not prepared in an adversarial nor investigative manner. See Greer, 999 S.W.2d at 489. Viewing the evidence in the light most favorable to the trial court's order, we conclude that appellant's file maintained by the community supervision office is not precluded as admissible evidence by TEX. R. EVID. 803(8)(B). See Smart v. State, 153, S.W.3d 118, 121 (Tex.App.–Beaumont 2004, pet. ref'd) (the admission of evidence is more flexible at a revocation proceeding); see also Greer v. State, 999 S.W.2d at 489.

Next, we address whether appellant's community supervision file is admissible as a business record. Under appellant's previous contention, appellant's objection was that appellant's community supervision file is not admissible as a business record because it was inadmissible under TEX. R. EVID. 803(8). However, appellant does not complain that

the trial court erroneously ruled that the community supervision file was admissible as a business record, or that the State failed to prove the file as a business record. We conclude that the trial court did not abuse its discretion in admitting the records as business records. See Texas Dep't of Public Safety v. Pruitt, 75 S.W.3d 634, 637 (Tex.App.–San Antonio 2002, no pet.). We overrule appellant's first issue.

Next, appellant contends that the trial court erred in allowing Watson to testify regarding lab results contained in appellant's community supervision file. By this contention, appellant challenges the testimony to prove a violation of the second condition of appellant's community supervision order.[1] Assuming without deciding, that the trial court erred in allowing Watson to testify as to the results of the urinalysis lab test, we would then determine whether appellant was harmed by such error. See Broderick v. State, 35 S.W.3d 67, 74 (Tex.App.–Texarkana 2000, pet. ref'd). The State's first amended motion to revoke community supervision alleged three separate violations of the third condition, only one of which was proven by the complained of test results. The other two violations were proven by appellant's own written admissions of using marijuana and cocaine during the period of his community supervision. We conclude that the trial court had some evidence, even without the lab results or testimony regarding the lab results, to find that appellant had violated his community supervision by using narcotics during the period of his community supervision. See Herald, 67 S.W.3d at 293; Brumbalow, 933 S.W.2d at 300. Hence, the trial court did not abuse its discretion in finding that appellant had violated the third

[1]Watson actually testified to lab results relating to a June 30, 2003 alleged violation. This alleged violation was listed as a violation of the third condition, which ordered appellant to abstain from the use of narcotics, not the second condition.

5

condition of his community supervision by using narcotics. We overrule appellant's second issue.

Appellant's final contention that the Texas Constitution prohibits imprisonment for debt is foreclosed by <u>Thompson v. State</u>, 557 S.W.2d 521, 525 (Tex.Crim.App. 1977). We further note that appellant has failed to cite any authority to support his position. <u>See</u> Tex. R. App. P. 38.1(h). We overrule appellant's third issue.

Even if appellant succeeded on all three issues presented, appellant does not dispute the trial court's finding that appellant violated his community supervision by failing to report monthly as required by his community supervision. Therefore, the trial court did not abuse its discretion in revoking appellant's community supervision since one violation is sufficient ground for revocation. <u>See</u> <u>Moore v. State</u>, 605 S.W.2d 924, 926 (Tex.Crim.App. [Panel Op.] 1980). We affirm.


Mackey K. Hancock
Justice


Do not publish.