**Richard SCHECTER, Appellant,**

v.

**WILDWOOD DEVELOPERS, L.L.C., The City of El Paso, Texas, The City Plan Commission of the City of El Paso & Commissioners, Gus Haddad, Chair, John W. Neal, 1st Vice Chair, Richard Vorba, 2nd Vice Chair, Roman Bustillos, Commissioner, Carlos Gallinar, Commissioner, Belinda Luna, Commissioner, Ray Mancera, Commissioner, Chad G. North, Commissioner, and Ruben Ponce, Jr., Commissioner, Appellees.**

No. 08–05–00398–CV.

Court of Appeals of Texas, El Paso.

Dec. 21, 2006.

James A. Martinez, James A. Martinez, P.L.L.C., El Paso, for appellant.

Francis S. Ainsa Jr., Ainsa Hutson LLP, John L. Anderson, Assistant City Attorney, El Paso, for appellees.

Before McCLURE, J., BARAJAS, C.J., (Retired), and ABLES, J.

## OPINION

ANN CRAWFORD McCLURE, Justice.

Richard Schecter appeals an order granting pleas to the jurisdiction filed by Wildwood Developers, L.L.C. (Wildwood), the City of El Paso (the City), and the City Plan Commission and its Commissioners (the Commission). We affirm.

## FACTUAL SUMMARY

Schecter's home is located in west El Paso within 300 feet of Wildwood Arroyo which is owned by Wildwood Developers. In November 2004, the Commission approved the subdivision plat filed by Wildwood for development of the arroyo and the city engineer approved the subdivision improvement plans. Before development began, Schecter filed suit against the City and the Commission in an effort to halt the project. He specifically sought a declaratory judgment that (1) the Commission's approval of the subdivision violates Section 19.16.050 of the Municipal Code (requiring that arroyos be preserved in their natural state); (2) the subdivision application is void because it does not meet the City's design criteria; and (3) the Commission's approval of the subdivision application is void because it was based on Wildwood's fraudulent and false statements. Schecter also sought mandamus and injunctive relief.

Wildwood intervened and filed a plea to the jurisdiction, complaining that Schecter lacked standing to maintain his suit. The City and the Commission filed a plea to the jurisdiction based upon the same argument. They also claimed sovereign immunity. Following a hearing, the trial court specifically found that Schecter lacked standing and granted the pleas. Schecter timely filed a notice of appeal. We grant-

ed emergency relief to prohibit any grading or alteration of the arroyo, but we lifted the stay when Schecter failed to post the required security. Development of the arroyo began shortly after the stay was lifted.

## PLEA TO THE JURISDICTION

In Issue One, Schecter challenges the trial court's conclusion that he lacks standing to seek a declaratory judgment. He has not raised any issue regarding the trial court's determination that he lacks standing to seek injunctive or mandamus relief. Consequently, those aspects of the trial court's ruling are not before us.

### Mootness

The City, the Commission, and Wildwood all contend that the appeal is moot because development of the Arroyo has been proceeding since the stay order was lifted. For a plaintiff to have standing, a controversy must exist between the parties at every stage of the legal proceedings, including the appeal. *Williams v. Lara,* 52 S.W.3d 171, 184 (Tex.2001). If a controversy ceases to exist because the issues presented are no longer live or because the parties lack a legally cognizable interest in the outcome, the case becomes moot. *Id.* If a case becomes moot, the parties lose standing to maintain their claims. *Id.* When a request for injunctive relief becomes moot because the action sought to be enjoined has been accomplished, a request for declaratory relief also becomes moot. *Speer v. Presbyterian Children's Home & Serv. Agency,* 847 S.W.2d 227, 229 (Tex.1993).

By his suit, Schecter sought to halt the planned alteration of the arroyo's natural condition because he it would purportedly cause his property value to decrease. Although he could have maintained the status quo by posting the required security,

he failed to do so and the development has progressed during the pendency of his appeal. While the parties disagree as to the extent of the development, it is undisputed that the natural condition of the arroyo has been significantly altered through grading and removal of all vegetation. A judicial declaration that the Commission's approval of the subdivision violated the Municipal Code would not resolve the controversy between the parties because the arroyo has already been altered from its natural state.

Schecter nevertheless maintains that the appeal is not moot because his suit is not limited to preventing changes to the arroyo's natural state. In support of this argument, he reminds us that he also sought a judicial declaration that Wildwood's subdivision application is void because it does not meet the City's design criteria and that the Commission's approval of the application is void because it was based on fraudulent and false statements. Because there is nothing in the record to indicate that the subdivision has been completed to the point that these two issues are moot, we will address the merits of the trial court's ruling as it pertains to these issues.

### Standard of Review

■■■ A plea to the jurisdiction contests a trial court's subject matter jurisdiction. *Bland Independent School District v. Blue,* 34 S.W.3d 547, 554 (Tex.2000). We review the trial court's ruling *de novo. Texas Department of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 226 (Tex.2004). The plaintiff bears the burden of pleading facts demonstrating subject matter jurisdiction. We examine a plaintiff's good faith factual allegations to determine whether the trial court has jurisdiction. *Texas Department of Criminal Justice v. Miller,* 51 S.W.3d 583, 587 (Tex.2001).

The issues raised in a plea determine the scope of our focus. We may look beyond the pleadings and may be required to do so when necessary to resolve the jurisdictional issues raised. *Bland*, 34 S.W.3d at 555; *Hardin County Community Supervision and Corrections Dept. v. Sullivan*, 106 S.W.3d 186, 189 (Tex.App.-Austin 2003, pet. denied). Unless there is fraudulent pleading to confer jurisdiction or the petition on its face affirmatively demonstrates a lack of jurisdiction, the trial court must liberally construe the plaintiff's allegations in favor of jurisdiction. *Sullivan*, 106 S.W.3d at 189.

## Standing

 Standing is a component of subject matter jurisdiction and is properly raised by a plea to the jurisdiction. *Texas Association of Business v. Texas Air Control Board*, 852 S.W.2d 440, 443 (Tex.1993). As a general rule, standing consists of some interest peculiar to the plaintiff individually rather than as a member of the public. *Hunt v. Bass*, 664 S.W.2d 323, 324 (Tex.1984). To establish common law standing, a plaintiff must show a distinct injury to the plaintiff and a real controversy between the parties, which will be actually determined by the judicial declaration sought. *Brown v. Todd*, 53 S.W.3d 297, 305 (Tex.2001). This general rule applies unless standing has been statutorily conferred upon the plaintiff. *Williams*, 52 S.W.3d at 178; *El Paso County Hosp. Dist. v. Gilbert*, 64 S.W.3d 200, 202 (Tex. App.-El Paso 2001, pet. denied). When standing has been statutorily conferred, the statute itself serves as the proper framework for analysis. *DaimlerChrysler Corp. v. Inman*, 121 S.W.3d 862, 869 (Tex. App.-Corpus Christi 2003, pet. granted). If a statute provides that any citizen or taxpayer may bring an action, the plaintiff need only establish that he or she falls within one of these categories to establish standing; it is not necessary to establish an interest peculiar to the plaintiff. *Scott v. Bd. of Adjustment*, 405 S.W.2d 55, 56–57 (Tex.1966).

 The purpose of the Uniform Declaratory Judgment Act is to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations. TEX.CIV.PRAC. & REM.CODE ANN. § 37.002 (Vernon 1997). The Act does not confer jurisdiction on the trial court; it offers the remedy of a declaratory judgment for a cause of action already within the court's jurisdiction. *State v. Morales*, 869 S.W.2d 941, 947 (Tex.1994). A declaratory judgment is appropriate only if a justiciable controversy exists as to the rights and status of the parties and the controversy will be resolved by the declaration sought. *Bonham State Bank v. Beadle*, 907 S.W.2d 465, 467 (Tex.1995). Texas courts do not have the authority to render judgments that merely constitute advisory opinions. *Patterson v. Planned Parenthood of Houston and Southeast Texas, Inc.*, 971 S.W.2d 439, 443 (Tex. 1998). An opinion is advisory when the judgment sought would not constitute specific relief to a litigant or affect legal relations. *Brinkley v. Texas Lottery Comm'n*, 986 S.W.2d 764, 767 (Tex.App.-Austin 1999, no pet.). Section 37.004 of the Declaratory Judgment Act provides that:

A person interested under a deed, will, written contract, or other writings constituting a contract or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder.

TEX.CIV.PRAC. & REM.CODE ANN. § 37.004(a).

 Schechter sought a declaratory judgment that (1) the subdivision applica-

tion is void because it does not meet the City's design criteria; and (2) the Commission's approval of the subdivision application is void because it was based on Wildwood Developers' fraudulent and false statements. Neither of these claims is based upon or related to Schecter's rights, status, or legal relationship under a statute, municipal ordinance, contract or franchise. Consequently, he lacks standing to seek these declarations. We overrule Issue One. Because the trial court correctly granted the pleas on that basis, we need not address his second issue pertaining to sovereign immunity. We affirm the trial court's order dismissing Schecter's suit.

BARAJAS, C.J. (Ret.), sitting by assignment.

ABLES, J., sitting by assignment.