Becker v. State







COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS






RICHARD SCHECTER,

                            Appellant,

v.

WILDWOOD DEVELOPERS, L.L.C.,
THE CITY OF EL PASO, TEXAS, THE
CITY PLAN COMMISSION OF THE
CITY OF EL PASO &
COMMISSIONERS, GUS HADDAD,
CHAIR, JOHN W. NEAL, 1ST VICE
CHAIR, RICHARD VORBA, 2ND VICE
CHAIR, ROMAN BUSTILLOS,
COMMISSIONER, CARLOS
GALLINAR, COMMISSIONER,
BELINDA LUNA, COMMISSIONER,
RAY MANCERA, COMMISSIONER,
CHAD G. NORTH, COMMISSIONER,
and RUBEN PONCE, JR.,
COMMISSIONER,

                            Appellees.

§
 
§
 
§
 
§
 
§
 
§

 §

 §

 §

 §

 §

 §


No. 08-05-00398-CV

Appeal from the

327th District Court

of El Paso County, Texas 

(TC# 2005-7309)



 

 

 




O P I N I O N

            Richard Schecter appeals an order granting pleas to the jurisdiction filed by Wildwood
Developers, L.L.C. (Wildwood), the City of El Paso (the City), and the City Plan Commission and
its Commissioners (the Commission). We affirm.
FACTUAL SUMMARY
            Schecter’s home is located in west El Paso within 300 feet of Wildwood Arroyo which is
owned by Wildwood Developers. In November 2004, the Commission approved the subdivision
plat filed by Wildwood for development of the arroyo and the city engineer approved the subdivision
improvement plans. Before development began, Schecter filed suit against the City and the
Commission in an effort to halt the project. He specifically sought a declaratory judgment that (1)
the Commission’s approval of the subdivision violates Section 19.16.050 of the Municipal Code
(requiring that arroyos be preserved in their natural state); (2) the subdivision application is void
because it does not meet the City’s design criteria; and (3) the Commission’s approval of the
subdivision application is void because it was based on Wildwood’s fraudulent and false statements. 
Schecter also sought mandamus and injunctive relief.



            Wildwood intervened and filed a plea to the jurisdiction, complaining that Schecter lacked
standing to maintain his suit. The City and the Commission filed a plea to the jurisdiction based
upon the same argument. They also claimed sovereign immunity. Following a hearing, the trial
court specifically found that Schecter lacked standing and granted the pleas. Schecter timely filed
a notice of appeal. We granted emergency relief to prohibit any grading or alteration of the arroyo,
but we lifted the stay when Schecter failed to post the required security. Development of the arroyo
began shortly after the stay was lifted. 
 

PLEA TO THE JURISDICTION
            In Issue One, Schecter challenges the trial court’s conclusion that he lacks standing to seek
a declaratory judgment. He has not raised any issue regarding the trial court’s determination that he
lacks standing to seek injunctive or mandamus relief. Consequently, those aspects of the trial court’s
ruling are not before us.
Mootness
            The City, the Commission, and Wildwood all contend that the appeal is moot because
development of the Arroyo has been proceeding since the stay order was lifted. For a plaintiff to
have standing, a controversy must exist between the parties at every stage of the legal proceedings,
including the appeal. Williams v. Lara, 52 S.W.3d 171, 184 (Tex. 2000). If a controversy ceases
to exist because the issues presented are no longer live or because the parties lack a legally
cognizable interest in the outcome, the case becomes moot. Id. If a case becomes moot, the parties
lose standing to maintain their claims. Id. When a request for injunctive relief becomes moot
because the action sought to be enjoined has been accomplished, a request for declaratory relief also
becomes moot. Speer v. Presbyterian Children’s Home & Serv. Agency, 847 S.W.2d 227, 229 (Tex.
1993).
            By his suit, Schecter sought to halt the planned alteration of the arroyo’s natural condition
because he it would purportedly cause his property value to decrease. Although he could have
maintained the status quo by posting the required security, he failed to do so and the development
has progressed during the pendency of his appeal. While the parties disagree as to the extent of the
development, it is undisputed that the natural condition of the arroyo has been significantly altered
through grading and removal of all vegetation. A judicial declaration that the Commission’s
approval of the subdivision violated the Municipal Code would not resolve the controversy between
the parties because the arroyo has already been altered from its natural state.
            Schecter nevertheless maintains that the appeal is not moot because his suit is not limited to
preventing changes to the arroyo’s natural state. In support of this argument, he reminds us that he
also sought a judicial declaration that Wildwood’s subdivision application is void because it does
not meet the City’s design criteria and that the Commission’s approval of the application is void
because it was based on fraudulent and false statements. Because there is nothing in the record to
indicate that the subdivision has been completed to the point that these two issues are moot, we will
address the merits of the trial court’s ruling as it pertains to these issues.
Standard of Review
            A plea to the jurisdiction contests a trial court’s subject matter jurisdiction. Bland
Independent School District v. Blue, 34 S.W.3d 547, 554 (Tex. 2000). We review the trial court’s
ruling de novo. Texas Department of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex.
2004). The plaintiff bears the burden of pleading facts demonstrating subject matter jurisdiction. We
examine a plaintiff’s good faith factual allegations to determine whether the trial court has
jurisdiction. Texas Department of Criminal Justice v. Miller, 51 S.W.3d 583, 587 (Tex. 2001). The
issues raised in a plea determine the scope of our focus. We may look beyond the pleadings and may
be required to do so when necessary to resolve the jurisdictional issues raised. Bland, 34 S.W.3d
at 555; Hardin County Community Supervision and Corrections Dept. v. Sullivan, 106 S.W.3d 186,
189 (Tex.App.--Austin 2003, pet. denied). Unless there is fraudulent pleading to confer jurisdiction
or the petition on its face affirmatively demonstrates a lack of jurisdiction, the trial court must
liberally construe the plaintiff’s allegations in favor of jurisdiction. Sullivan, 106 S.W.3d at 189.
Standing
            Standing is a component of subject matter jurisdiction and is properly raised by a plea to the
jurisdiction. Texas Association of Business v. Texas Air Control Board, 852 S.W.2d 440, 443 (Tex.
1993). As a general rule, standing consists of some interest peculiar to the plaintiff individually
rather than as a member of the public. Hunt v. Bass, 664 S.W.2d 323, 324 (Tex. 1984). To establish
common law standing, a plaintiff must show a distinct injury to the plaintiff and a real controversy
between the parties, which will be actually determined by the judicial declaration sought. Brown v.
Todd, 53 S.W.3d 297, 305 (Tex. 2001). This general rule applies unless standing has been statutorily
conferred upon the plaintiff. Williams, 52 S.W.3d at 178; El Paso County Hosp. Dist. v. Gilbert, 64
S.W.3d 200, 202 (Tex.App.--El Paso 2001, pet. denied). When standing has been statutorily
conferred, the statute itself serves as the proper framework for analysis. DaimlerChrysler Corp. v.
Inman, 121 S.W.3d 862, 869 (Tex.App.--Corpus Christi 2003, pet. granted). If a statute provides
that any citizen or taxpayer may bring an action, the plaintiff need only establish that he or she falls
within one of these categories to establish standing; it is not necessary to establish an interest
peculiar to the plaintiff. Scott v. Bd. of Adjustment, 405 S.W.2d 55, 56-57 (Tex. 1966).
            The purpose of the Uniform Declaratory Judgment Act is to settle and afford relief from
uncertainty and insecurity with respect to rights, status, and other legal relations. Tex.Civ.Prac.&
Rem.Code Ann. § 37.002 (Vernon 1997). The Act does not confer jurisdiction on the trial court;
it offers the remedy of a declaratory judgment for a cause of action already within the court’s
jurisdiction. State v. Morales, 869 S.W.2d 941, 947 (Tex. 1994). A declaratory judgment is
appropriate only if a justiciable controversy exists as to the rights and status of the parties and the
controversy will be resolved by the declaration sought. Bonham State Bank v. Beadle, 907 S.W.2d
465, 467 (Tex. 1995). Texas courts do not have the authority to render judgments that merely
constitute advisory opinions. Patterson v. Planned Parenthood of Houston and Southeast Texas,
Inc., 971 S.W.2d 439, 443 (Tex. 1998). An opinion is advisory when the judgment sought would
not constitute specific relief to a litigant or affect legal relations. Brinkley v. Texas Lottery Comm'n,
986 S.W.2d 764, 767 (Tex.App.--Austin 1999, no pet.). Section 37.004 of the Declaratory Judgment
Act provides that:
A person interested under a deed, will, written contract, or other writings constituting
a contract or whose rights, status, or other legal relations are affected by a statute,
municipal ordinance, contract, or franchise may have determined any question of
construction or validity arising under the instrument, statute, ordinance, contract, or
franchise and obtain a declaration of rights, status, or other legal relations thereunder.

Tex.Civ.Prac.&Rem.Code Ann. § 37.004(a).
            Schechter sought a declaratory judgment that (1) the subdivision application is void because
it does not meet the City’s design criteria; and (2) the Commission’s approval of the subdivision
application is void because it was based on Wildwood Developers’ fraudulent and false statements. 
Neither of these claims is based upon or related to Schecter’s rights, status, or legal relationship
under a statute, municipal ordinance, contract or franchise. Consequently, he lacks standing to seek
these declarations. We overrule Issue One. Because the trial court correctly granted the pleas on that
basis, we need not address his second issue pertaining to sovereign immunity. We affirm the trial
court’s order dismissing Schecter’s suit.

December 21, 2006                                                     
                                                                                    ANN CRAWFORD McCLURE, Justice

Before McClure, J., Barajas, C.J., (Ret.), and Ables, J.
Barajas, C.J. (Ret.), sitting by assignment
Ables, J., sitting by assignment