Adela DE SANTIAGO, Appellant,

v.

WEST TEXAS COMMUNITY SUPERVISION & CORRECTIONS DEPARTMENT, William Moody (34th District Court), Mary Ann Bramblett (41st District Court), Alfredo Chavez (65th District Court), Guadalupe Rivera (168th District Court), Bonnie Rangel (171st District Court), Kathleen Olivares (205th District Court), David Guaderrama (243rd District Court), Mike Herrera (383rd District Court), Patrick Garcia (384th District Court), Sam Medrano (409th District Court), Ricardo Herrera (County Court at Law No. 1), Julie Gonzalez (County Court at Law No. 2), Alejandro Gonzalez (County Court at Law No. 4), and Sue Kurita (County Court at Law No. 6), Appellees.

No. 08–05–00157–CV.

Court of Appeals of Texas, El Paso.

June 8, 2006.

388

**390**

Antonio V. Silva, Antonio V. Silva, P.C., El Paso, for appellant.

Kim Coogan, Asst. Atty. Gen., Tort Litigation Div., Austin, for Dist. Court Judges.

Maria A. Salas-Mendoza, Asst. Co. Atty., El Paso, for County Court Judges.

Demetri Anastasiadis, Asst. Atty. Gen., Law Enforcement Defense Div., Austin, for West Texas Community Supervision & Corrections Dept.

1. The appellees referred to collectively as the County Court at Law Judges are the Honorable Ricardo Herrera(County Court at Law No. 1), the Honorable Julie Gonzalez (County Court at Law No. 2), the Honorable Alejandro Gonzalez (County Court at Law No. 4), and the Honorable M. Sue Kurita (County Court at Law No. 6).

2. The appellees referred to collectively as the District Court Judges are the Honorable William Moody (34th District Court), Honorable Mary Anne Bramblett (41st District Court),

Before BARAJAS, C.J., McCLURE, and CHEW, JJ.

## OPINION

ANN CRAWFORD McCLURE, Justice.

Adela De Santiago appeals from three orders dismissing her employment discrimination suit against West Texas Community Supervision & Corrections Department (WTCSCD), the county court at law judges,[1] and the district court judges.[2] The Honorable Stephen B. Ables, Presiding Judge of the Sixth Administrative Judicial Region, presided below. For the reasons that follow, we affirm.

## FACTUAL SUMMARY

Adela De Santiago, a case manager for WTCSCD, filed an employment discrimination suit against WTCSCD under the Texas Commission on Human Rights Act (the Act).[3] De Santiago alleged that she had been discriminated against based on gender and had suffered retaliation after reporting that she had been sexually harassed by her supervisor. WTCSCD filed a plea to the jurisdiction contending that the district judges, not WTCSCD, were De Santiago's employer for purposes of a discrimination suit brought under Chapter 21 of the Labor Code and that its governmental immunity has not been waived. De Santiago subsequently amended her suit to

Honorable Alfredo Chavez (65th District Court), Honorable Guadalupe Rivera (168th District Court), Honorable Bonnie Rangel (171st District Court), Honorable Kathleen Olivares (205th District Court), Honorable David Guaderrama (243rd District Court), Honorable Mike Herrera(383rd District Court), Honorable Patrick Garcia (384th District Court), Honorable Sam Medrano (409th District Court).

3. *See* Tex.Lab.Code Ann. § 21.001–21.556 (Vernon 2006).

include numerous district and county court at law judges as defendants. Like WTCSCD, the county court at law judges filed a plea to the jurisdiction on the ground that the district judges, not the county court at law judges, are De Santiago's employer. The county court at law judges also filed a no evidence motion for summary judgment alleging that they are not De Santiago's employer, they did not commit an unlawful employment practice, and they did not have knowledge of or participate in the acts constituting the basis of De Santiago's suit. The district judges filed a motion for summary judgment based on absolute judicial immunity, partial judicial immunity, and legislative immunity. They also argued that, in their official capacities, they are not De Santiago's employer. The trial court granted the pleas to the jurisdiction and the motions for summary judgment without specifying the exact basis for its ruling. De Santiago appeals from the dismissal of her suit.

## EMPLOYMENT DISCRIMINATION

De Santiago raises three issues on appeal challenging the trial court's rulings on the pleas to the jurisdiction and motions for summary judgment. We must decide whether WTCSCD, the district court judges, or county court at law judges are De Santiago's employer for purposes of an employment discrimination suit brought under TCHRA; and if so, whether the defendants' claims of immunity have merit. Before addressing the individual issues, we set forth the generally applicable law.

### The Texas Commission on Human Rights Act—Chapter 21 of the Labor Code

■ TCHRA provides that it is unlawful for an employer to discriminate against an individual with respect to compensation or the terms, conditions, or privileges of employment because of race, color, disability, religion, sex, national origin, or age. *See* Tex.Lab.Code Ann. § 21.051. It also prohibits retaliation by an employer against a person who opposes a discriminatory practice, makes or files a charge, files a complaint, or testifies, assists, or participates in an investigation, proceeding, or hearing. Tex.Lab.Code Ann. § 21.055. Chapter 21 is modeled after Title VII of the Federal Civil Rights Act, and sexual harassment is a form of prohibited sex discrimination. *Green v. Indus. Specialty Contractors, Inc.*, 1 S.W.3d 126, 131 (Tex.App.-Houston [1st Dist.] 1999, no pet.); *Soto v. El Paso Natural Gas Co.*, 942 S.W.2d 671, 677 (Tex.App.-El Paso 1997, pet. denied).

■ One express purpose of the Act is to "provide for the execution of the policies of Title VII of the Civil Rights Act of 1964 and its subsequent amendments." *NME Hospitals, Inc. v. Rennels*, 994 S.W.2d 142, 144 (Tex.1999). In light of this express purpose, we look to analogous federal precedent when interpreting the Texas Act. *Id.*

### Community Supervision and Correction Departments

Prior to its amendment in 2005, Section 76.002(a) of the Government Code provided that the district judge or judges trying cases in each judicial district shall:

(1) establish a community supervision and corrections department; and

(2) employ district personnel as necessary to conduct presentence investigations, supervise and rehabilitate defendants placed on community supervision, enforce the conditions of community supervision, and staff community corrections facilities.

Tex.Gov't Code Ann. § 76.002(a)(Vernon 2005). Section 76.002 further provided that the district judges trying criminal cases and the judges of the statutory coun-

ty courts trying criminal cases that are served by a community supervision and corrections department (CSCD) are entitled to participate in the management of the department. TEX.GOV'T CODE ANN. § 76.002(b).

Consistent with Section 76.002, WTCSCD's written policy and procedures provide:

> In accordance with Chapter 76 of the Government Code, the legal responsibility for the West Texas Community Supervision and Corrections Department is vested in the members of the Council of Judges.[4] To promote effective operation, the Chief Probation Officer/Director is appointed the responsibility of operating the probation department. The Director is responsible solely to the Council of Judges and has responsibility for all phases of the department's operations, which encompass definition of operational policies and procedures in order to promote an effective probation system.

Prior to the amendment of the Government Code in 2005, the employment status of probation officers and employees of CSCDs had been described as "murky." *Hardin County Community Supervision and Corrections Department v. Sullivan,* 106 S.W.3d 186, 189 (Tex.App.-Austin 2003, pet. denied), *citing* 36 David B. Brooks, *County and Special District Law* § 22.31, 111–12 (1989). Under the prior law, the judicial districts served by a CSCD were required to pay the salaries of CSCD employees. TEX.GOV'T CODE ANN. § 76.006(b). The Government Code also provided that CSCD employees are not state employees, except for purposes of Chapter 104 of the Civil Practice and Remedies Code (state liability for conduct of public servants) and Chapter 501 of the Labor Code (worker's

compensation). TEX.GOV'T CODE ANN. § 76.006(a), (c). A CSCD is required to contract for employee benefits with a county served by the department, but a CSCD employee is also eligible to participate in the group benefits program for state employees established under Chapter 1551 of the Insurance Code. TEX.GOV'T CODE ANN. § 76.006(c)(Vernon Supp.2005).

The 2005 amendments to the Government Code clarified the status of CSCD employees and the role of the district judges in employment decisions. Section 76.002 has now been amended to limit the authority of district judges to establishing a CSCD and approving the Department's budget and community justice plan. TEX. GOV'T CODE ANN. § 76.002. The judges' authority and responsibility for personnel decisions is limited to the hiring of a department director and fiscal officer. TEX. GOV'T CODE ANN. §§ 76.004(a), (c), 76.0045. The responsibility for all other personnel decisions, including the employment of officers and other employees, now rests with the department director. TEX.GOV'T CODE ANN. § 76.004(b). The Government Code now expressly provides that a person employed pursuant to Section 76.004(b) is an employee of the department, and not of the judges or judicial districts. *Id.* A judge described by Section 76.002 has judicial immunity in a suit arising from the performance of a duty described by Section 76.002(a) or the appointment of a department director or a fiscal officer or an act or failure to act by a department employee or by a department director or fiscal officer, but the change in law applies only to an act or failure to act that occurs on or after May 30, 2005. TEX.GOV'T CODE ANN. 76.0045. The prior law is continued in effect for acts or failures to act occurring prior to the effective date of the

---

4. The Council of Judges is a body comprised of the judges presiding over the district courts and statutory county courts at law in El Paso County.

amendment. De Santiago's claim is based on acts which occurred prior to the effective date of these amendments. Therefore, we analyze the issues presented on appeal under the former law.

## DE SANTIAGO'S CLAIM AGAINST WTCSCD

In Issue One, De Santiago complains that the trial court erred in granting WTCSCD's plea to the jurisdiction because it is subject to liability as her employer. She contends that for purposes of TCHRA, she may have more than one employer and that WTCSCD falls within the Act's definition of employer. Alternatively, she maintains that WTCSCD may be liable even if it lacks a direct employment relationship with her.

### *Standard of Review*

 A plea to the jurisdiction contests a trial court's subject matter jurisdiction. *Bland Independent School District v. Blue*, 34 S.W.3d 547, 554 (Tex.2000). We review the trial court's ruling on a plea to the jurisdiction under a *de novo* standard. *Texas Department of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex.2004). The plaintiff bears the burden of pleading facts that show the trial court has subject matter jurisdiction; therefore, we examine a plaintiff's good faith factual allegations to determine whether the trial court has jurisdiction. *Texas Department of Criminal Justice v. Miller*, 51 S.W.3d 583, 587 (Tex.2001). The nature of the issues raised in a plea to the jurisdiction determines the scope of the court's focus; this means we may look beyond the pleadings and are required to do so when necessary to resolve the jurisdictional issues raised. *Bland*, 34 S.W.3d at 555; *Sullivan*, 106 S.W.3d at 189. Unless there is fraudulent pleading to confer jurisdiction or the face of the petition affirmatively demonstrates a lack of jurisdiction, the trial court must liberally construe the plaintiff's allegations in favor of jurisdiction. *Sullivan*, 106 S.W.3d at 189.

### *Who is the Employer of CSCD Employees?*

 Determining whether a defendant is an "employer" under Title VII is a two-part process:

(1) the defendant must fall within the statutory definition of employer; and

(2) an employment relationship must exist between the parties.

*Deal v. State Farm County Mutual Insurance Company of Texas*, 5 F.3d 117, 118 n. 2 (5th Cir.1993); *Fields v. Hallsville Independent School District*, 906 F.2d 1017, 1019 (5th Cir.1990). Section 21.002(8) of the TCHRA defines an employer as:

(A) a person who is engaged in an industry affecting commerce and who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year;

(B) an agent of a person described by Paragraph (A);

(C) an individual elected to public office in this state or a political subdivision of this state; or

(D) a county, municipality, state agency, or state instrumentality, regardless of the number of individuals employed.

TEX.LAB.CODE ANN. § 21.002(8)(Vernon Pamph.2005). De Santiago argues that WTCSCD falls within the statutory definition of employer because it is a state agency or state instrumentality. The Act defines a state agency as:

(A) a board, commission, committee, council, department, institution, office, or agency in the executive branch of state government having statewide jurisdiction;

(B) the supreme court, the court of criminal appeals, a court of appeals, or the State Bar of Texas or another judicial agency having statewide jurisdiction; or

(C) an institution of higher education as defined by Section 61.003, Education Code.

TEX.LAB.CODE ANN. § 21.002(14). WTCSCD does not meet the definition of state agency because it is not in the executive branch of government and it does not have statewide jurisdiction. The services it provides are limited to the judicial districts which it serves. *See Monsanto Co. v. Cornerstones M.U.D.*, 865 S.W.2d 937, 939 (Tex.1993)(municipal utility district was not state or state agency because it did not have statewide jurisdiction).

 TCHRA does not define "state instrumentality." In construing a statute, our objective is to determine and give effect to the Legislature's intent. *Albertson's, Inc. v. Sinclair*, 984 S.W.2d 958, 960 (Tex.1999). Unless words used in a statute have a specialized meaning, they should be given their ordinary meaning. TEX.GOV'T CODE ANN. § 312.002(a)(Vernon 2005). The ordinary meaning of "state," as it used by Texas courts, envisions an entity having statewide jurisdiction rather than an entity having local or limited jurisdiction. *Monsanto*, 865 S.W.2d at 939–40. Black's Law Dictionary defines "instrumentality" as a means or agency through which a function of another entity is accomplished, such as a branch of a governing body. BLACK'S LAW DICTIONARY 802 (7th ed.1999). Accordingly, the ordinary meaning of state instrumentality is a branch of the state or a means through which a function of the state is accomplished.

WTCSCD argues that a state instrumentality, like a state agency, is not an employer under TCHRA unless it has statewide jurisdiction. It asserts that as a special purpose district, it is not an employer within the meaning of the Act. De Santiago, on the other hand, cites decisions of the Fort Worth and Waco Courts of Appeals holding that a state instrumentality, as that term is used in the Act, is not limited to those entities having statewide jurisdiction. *See Dallas/Fort Worth International Airport Board v. Funderburk*, 188 S.W.3d 233 (Tex.App.-Fort Worth 2006, no pet.h.)(holding airport board was a state instrumentality); *Purdin v. Copperas Cove Economic Development Corporation*, 143 S.W.3d 290, 302 (Tex.App.-Waco 2004, pet. dism'd)(holding economic development corporation was a state instrumentality); *Tarrant County Hospital District v. Henry*, 52 S.W.3d 434, 445 (Tex.App.-Fort Worth 2001, no pet.) (holding county hospital district was a state instrumentality); *Crow v. Rockett Special Utility District*, 17 S.W.3d 320, 325 (Tex.App.-Waco 2000, pet. denied)(holding that special utility district created under authority of Article XVI, § 59 of the Texas Constitution was a state instrumentality).

Section 21.002(8)'s definition of employer is somewhat more restrictive than the definition found in Title VII, which includes all governments, governmental agencies, and political subdivisions. 42 U.S.C. § 2000e(a), (b). The Legislature did not include all state agencies in the definition. The issue before us is whether a special purpose district, such as WTCSCD, is a state instrumentality. *See* OP.TEX.ATT'Y GEN. No. DM–395 (1996)(a CSCD is a special purpose district). While the Legislature did not restrict the definition of state instrumentality to those entities having statewide jurisdiction, it did reject an amendment that would have included a "special purpose district" as a "person" in the Act's definition of employer. WTCSCD relies on the rule that deletion

of a provision in a pending bill discloses legislative intent to reject such a proposal. *Smith v. Baldwin,* 611 S.W.2d 611, 616–17 (Tex.1980).

The proposed legislation defined employer as:

(A) a person, including a school district or a special-purpose district or authority of this state, engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year and any agent of that person; or

(B) a county or municipality or any state agency or instrumentality, including public institutions of higher education, regardless of the number of individuals employed.

TEX. S.B. 479, 71st Leg., R.S. (1989). The 1989 amendments which were eventually adopted defined employer as:

(A) a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year and any agent of that person; or

(B) a county or municipality or any state agency or instrumentality, including public institutions of education, regardless of the number of individuals employed.

Act of May 29, 1989, 71st Leg., R.S., ch. 1186, § 3, 1989 TEX.GEN.LAWS 4824, 4825.

In *Henry,* the Fort Worth Court of Appeals considered a hospital district's argument that, as a special purpose district, it was not a state instrumentality. *Henry,* 52 S.W.3d at 447. The hospital district pointed to the rejection of the amendment as evidence of legislative intent to exclude the hospital district from TCHRA's definition of employer. *Id.* But the court held that a comparison of the proposed bill with the final legislation did not reveal (1) whether the legislature intended to exclude a special-purpose district from the definition of employer altogether, or (2) whether it simply considered the inclusion of a special-purpose district as a "person" redundant because special-purpose districts are state instrumentalities and therefore already employers under TCHRA. *Id.* The court concluded that a hospital district is a branch of the state, and therefore, a state instrumentality, because it is created by authority of the Texas Legislature and the Texas Constitution. *Id.* at 446. We agree that it is unclear from the legislative history whether the Legislature intended to exclude special purpose districts from the definition of employer altogether. But we do not agree that a CSCD's status as a state instrumentality can be determined simply by examining whether it is created by authority of the state legislature and constitution or by consideration of the governmental entity's claim to sovereign immunity. Given the definition of state instrumentality as a means through which a function of the state is accomplished, we believe the better approach is to consider whether the entity performs state functions. *See Purdin,* 143 S.W.3d at 298–99.

The responsibilities of CSCDs include conducting presentence investigations, supervising and rehabilitating defendants placed on community supervision, enforcement of the conditions of community supervision, and staffing community correction facilities. TEX.GOV'T CODE ANN. § 76.002(b). These duties relate to the enforcement of criminal law, the protection of the public, and the rehabilitation of criminal offenders, all of which are state functions. Accordingly, we conclude that a CSCD is a state instrumentality.

The second issue is whether an employment relationship exists between

the parties. In determining whether the second prong of the test is met, federal courts use a hybrid economic realities/common law control test. *Guerrero v. Refugio County,* 946 S.W.2d 558, 565 (Tex.App.-Corpus Christi 1997, no writ), *citing Deal,* 5 F.3d at 118–19, *Fields,* 906 F.2d at 1019, and *Spirides v. Reinhardt,* 613 F.2d 826, 831–32 (D.C.Cir.1979). When examining the control component, courts focus on whether the alleged employer has the right to hire and fire the employee, the right to supervise the employee, and the right to set the employee's work schedule. *Deal,* 5 F.3d at 118–19; *Fields,* 906 F.2d at 1020; *Mares,* 777 F.2d at 1068. The economic realities component focuses on whether the alleged employer paid the employee's salary, withheld taxes, provided benefits, and set the terms and conditions of employment. *Deal,* 5 F.3d at 118/19; *Mares,* 777 F.2d at 1068.

▮ Both federal and Texas state courts have determined that, for purposes of Title VII or TCHRA, probation officers are employees of the judicial districts they serve rather than employees of the county or the CSCD. In *Shore v. Howard,* 414 F.Supp. 379, 385–86 (N.D.Tex.1976), the plaintiffs brought a civil rights action against the probation department director after they were terminated. Under statutes similar to the one at issue here,[5] the federal district court determined that the probation department employees were employees of the district and criminal court judges. *Shore,* 414 F.Supp. at 385, 390. The judges are given the ultimate power to employ and dismiss individuals in the probation department, and therefore, any actions by the probation department director in his official capacity would be as an agent for the judges. *Shore,* 414 F.Supp. at 385.

Consequently, the court held that any relief granted must be directed against the judges of the district courts and criminal district courts. *Id.*

In *Clark v. Tarrant County,* former employees of the Tarrant County Adult Probation Department brought an employment discrimination suit against the department and Tarrant County. The court concluded that the claim could not be brought against the county because adult probation officers are under the direct supervision of the state judiciary. *Clark v. Tarrant County,* 608 F.Supp. 209, 211 (N.D.Texas 1985), *rev'd in part on other grounds by* 798 F.2d 736, 742 (5th Cir.1986).

The Austin Court of Appeals has also concluded that a CSCD is not a probation officer's employer for purposes of an employment discrimination claim brought under TCHRA. In *Hardin County Community Supervision and Corrections Department v. Sullivan,* 106 S.W.3d 186 (Tex.App.-Austin 2003, pet. denied), former adult probation officers brought employment discrimination claims against the CSCD. The CSCD filed a plea to the jurisdiction on the grounds that (1) it is not an employer under TCHRA and (2) the plaintiffs were employed by the district judges. The trial court denied the plea but the court of appeals reversed, holding that the district judges of the judicial district, and not the CSCD, were the employer of the former probation officers. *Sullivan,* 106 S.W.3d at 190. In reaching this conclusion, the court of appeals relied on the language of Section 76.002, the decisions in *Shore* and *Clark,* as well as an attorney general opinion which concluded that CSCD officers and employees are employees of the judicial

---

**5.** At the time *Shore* was decided, the Tarrant County Adult Probation Department was governed by Article 42.12 of the Code of Criminal Procedure and former Tex.Rev.Civ.Stat.Ann. art. 2292–2. *See Shore,* 414 F.Supp. at 384–85, 389.

district they serve. OP.TEX.ATT'Y GEN. No. JC–0314 (2000).

In *Yowman v. Jefferson County Community Supervision & Corrections Department*, 370 F.Supp.2d 568, 591 (E.D.Tex.2005), the federal district court employed the hybrid economic realities/common-law control test and held that a CSCD was not an employer of a probation officer for purposes of a race and gender suit brought under Title VII because under state law, the employees of a CSCD are officers and employees of the judicial districts in which they serve. The court cited *Shore* and *Sullivan* in support of its conclusion.

■■■ We conclude that under the relevant statutes and foregoing authority, the district judges have ultimate control of the personnel decisions in the WTCSCD, and as such, are De Santiago's employer for purposes of TCHRA.

### Rennels/Sibley Standing

De Santiago acknowledges the *Sullivan* line of authority but contends that a CSCD may nevertheless be liable under TCHRA even in the absence of a direct employment relationship. In support of this argument, she cites *NME Hospitals, Inc. v. Rennels*, 994 S.W.2d 142 (Tex.1999). There, the plaintiff worked as a pathologist for Sierra Laboratory Associates as a paid associate. *Rennels*, 994 S.W.2d at 143. The Lab's primary client was NME Hospitals d/b/a Sierra Medical Center (the Hospital) and their relationship was governed by two agreements. *Id.* Under one agreement, the Lab had the exclusive right to set up the Hospital's pathology department and perform all pathology work for the Hospital. *Id.* The Hospital designated the Lab's duties and dictated how the department was to be set up, retained approval authority over the director of the department, retained the right to reject any substitute pathologists, controlled how it prepared all financial, statistical, and medical reports, and prohibited the Lab and its pathologists from contracting to perform services for any other hospital without prior consent. *Id.* Under the second agreement, the Hospital detailed the department director's duties, including how many pathologists the director was required to keep on staff. *Id.* Additionally, the Hospital had the right to terminate the first agreement if the Lab transferred any ownership interest without the Hospital's prior written consent. *Id.*

The Lab terminated Rennels, citing difficulties she had with another associate. *Id.* Rennels sued alleging that the termination constituted sex discrimination. *Id.* She was reinstated but again terminated after she refused to sign a release of any sex discrimination claims against the Lab and the Hospital. *Id.* Rennels sued the Hospital for retaliatory discharge and for conspiracy to violate the Act. *Id.* at 144. The trial court granted the Hospital's motion for summary judgment based on a claim that the Hospital was not Rennel's direct employer. *Id.*

We reversed the summary judgment, holding that a plaintiff need not allege a direct employment relationship with a defendant-employer in order to maintain standing to sue under TCHRA. *Rennels v. NME Hospitals, Inc.*, 965 S.W.2d 736, 738–39 (Tex.App.-El Paso 1998). The Supreme Court followed federal precedent[6] and held that a direct employment relationship is not required under TCHRA and a plaintiff may maintain standing in the

---

**6.** As stated in *Rennels, Sibley Memorial Hospital v. Wilson*, 488 F.2d 1338 (D.C.Cir.1973) is considered the seminal case allowing suit under Title VII in the absence of a direct employment relationship between the plaintiff and defendant. *Rennels*, 994 S.W.2d at 145.

absence of a direct employment relationship with the defendant if the plaintiff shows that: (1) the defendant is an employer within the statutory definition of the Act; (2) some sort of employment relationship existed between the plaintiff and the third party; and (3) the defendant controlled access to the plaintiff's employment opportunities and denied or interfered with that access based on unlawful criteria. *Rennels*, 994 S.W.2d at 146–47.

WTCSCD responds that De Santiago did not plead this theory. In her third amended petition, De Santiago alleged that she is an employee of WTCSCD, a state agency. She additionally alleged that, as an employee of WTCSCD, she was an employee of the district judges for purposes of TCHRA. According to her pleadings, the agents, servants, and employees of WTCSCD discriminated against her because of her gender and retaliated against her because she opposed unlawful employment discrimination with respect to the terms, conditions, privileges, advantages and benefits of her employment. Although De Santiago expressly raised the issue of *Rennels* standing for the first time in her response to WTCSCD's plea to the jurisdiction, we conclude that her pleadings, when construed liberally, contain allegations which arguably raise the issue.

WTCSCD also contends that there is no authority indicating that *Rennels* is applicable to a governmental entity and suggests that permitting standing under this theory could result in liability even when sovereign immunity is not waived. This theory of standing requires that the defendant be an employer within the statutory definition, and consequently, does not run afoul of the requirement that a waiver of sovereign immunity be express. We reject the argument that *Rennels/Sibley* standing is inapplicable in a case involving a governmental entity.

However, we do agree that *Rennels* is inapplicable under these facts because WTCSCD is created by the district judges and the department and its officials and employees are their agent. There is no authority for applying *Rennels* to the direct employer's agent. We conclude that the trial court properly granted WTCSCD's plea to the jurisdiction. Issue One is overruled.

## DE SANTIAGO'S CLAIM AGAINST DISTRICT COURT JUDGES

In her second issue, De Santiago argues that the trial court erred by granting summary judgment in favor of the district judges because they are her employer under TCHRA and they are not entitled to immunity. De Santiago sued the district judges in their official capacity only. One of the grounds raised in their motion for summary judgment is that the district judges, acting in their official capacities, are not statutory employers under TCHRA.

### Standard of Review

In a traditional summary judgment proceeding, the standard of review on appeal is whether the successful movant at the trial level carried the burden of showing that there is no genuine issue of material fact and that judgment should be granted as a matter of law. *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex.1991); *Duran v. Furr's Supermarkets, Inc.*, 921 S.W.2d 778, 784 (Tex.App.-El Paso 1996, writ denied). Thus, the question on appeal is not whether the summary judgment proof raises fact issues as to required elements of the movant's cause or claim, but whether the summary judgment proof establishes, as a matter of law, that there is no genuine issue of material fact as to one or more elements of the movant's cause or claim. *Gibbs v. General Motors Corp.*, 450

S.W.2d 827, 828 (Tex.1970); *Duran*, 921 S.W.2d at 784. In resolving the issue of whether the movant has carried this burden, all evidence favorable to the non-movant must be taken as true and all reasonable inferences, including any doubts, must be resolved in the non-movant's favor. *Nixon v. Mr. Property Management Co., Inc.*, 690 S.W.2d 546, 548-49 (Tex.1985); *Duran*, 921 S.W.2d at 784. In a case where the trial court's judgment does not specify the ground or grounds relied upon for its ruling, the summary judgment must be affirmed if any of the theories advanced is meritorious. *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex.1989).

### *District Judges as Statutory Employers*

 Section 21.002(8)(C) of the Labor Code defines an employer as an individual elected to public office in this state or a political subdivision of this state. TEX. LAB.CODE ANN. 21.002(8)(C). A district judge is an elected public official, and as such, would fall within the statutory definition of employer Section 21.002(8)(C). But De Santiago sued the district judges in their official capacities. A suit against a governmental official in his official capacity is not a suit against the official but against the official's office and the governmental entity for which the official is an agent. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989); *Scott v. Britton*, 16 S.W.3d 173, 180 (Tex.App.-Houston [1st Dist.] 2000, no pet.); *City of Hempstead v. Kmiec*, 902 S.W.2d 118, 122 (Tex.App.-Houston [1st Dist.] 1995, no writ). The suit is the same as one brought directly against the governmental entity. *Will*, 491 U.S. at 71, 109 S.Ct. at 2312; *Scott*, 16 S.W.3d at 180; *Kmiec*, 902 S.W.2d at 122. By suing the district judges in their official capacities only, De Santiago effectively sued the district courts and various judicial districts which are not included in the statutory definition of an employer. The trial court did not err by granting summary judgment in favor of the district judges. Issue Two is overruled.

### DE SANTIAGO'S CLAIM AGAINST COUNTY COURT AT LAW JUDGES

 Finally, De Santiago challenges the trial court's order granting the county court at law judges' plea to the jurisdiction and motion for summary judgment. The county court at law judges based their plea to the jurisdiction on two grounds: (1) Section 76.002 provides that the district judges are De Santiago's employer; and (2) El Paso County is not De Santiago's employer. County court at law judges are elected public officials, and as such, are employers under Section 21.002(8)(c). But again, De Santiago sued the judges in their official capacities only and her suit is the same as one brought directly against El Paso County. *See Will*, 491 U.S. at 71, 109 S.Ct. at 2312; *Scott*, 16 S.W.3d at 180; *Kmiec*, 902 S.W.2d at 122. While a county, unlike a judicial district, is a statutory employer under TCHRA, El Paso County does not have the power to hire and fire employees of the WTCSCD or otherwise control De Santiago's employment. Because De Santiago does not have an employment relationship with El Paso County, the trial court properly granted the plea to the jurisdiction. We overrule Issue Three and affirm the judgment of the trial court.