COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| SYBLE HOOD, | § | No. 08-07-00093-CV |
| Appellant, | § | Appeal from the |
| v. | § | 109th District Court |
| EDWARD D. JONES & CO., L.P. AND ROBBY R. ROGERS, | § | of Andrews County, Texas |
| Appellees. | § | (TC#14,971) |
| | § | |

## **O P I N I O N**

This appeal arises from a lawsuit filed by Syble Hood against Edward D. Jones & Co., L.P. and Robby R. Rogers for wrongful discharge based on age discrimination. Summary judgment was granted in favor of Rogers on October 12, 2006. Two weeks later, Hood's claims against Jones were submitted to a jury, which returned a take-nothing judgment in Jones' favor. The next day, Hood sought relief pursuant to Rule 166a(h)[1] based on discrepancies between affidavits filed in support of Rogers' motion for summary judgment and trial testimony offered by Rogers and other Jones' employees. She also filed a motion for sanctions pursuant to Rule 13. Over the next few months, Hood filed two supplements to these motions, a motion to compel discovery, two subpoenas *dueces tecum,* and additional requests for production of documents. Appellees filed responses claiming attorney/client privilege, a motion to quash the subpoenas *duces tecum*, a motion for protective order, and a request for expenses pursuant to Rule 215.1(d). Ultimately, the trial court denied relief to

---

[1] Rule 166a(h) relates to summary judgment affidavits made in bad faith: "Should it appear to the satisfaction of the court at any time that any of the affidavits presented pursuant to this rule are presented in bad faith . . . the court shall forthwith order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused him to incur, including reasonable attorney's fees . . . ." TEX.R.CIV.P. 166a(h).

Hood and awarded attorneys' fees and costs in favor of Appellees instead.[2] Hood and her attorney filed a joint notice of appeal. This appeal addresses only the summary judgment granted in favor of Rogers and the denial of discovery under Rule 166a(h).

## FACTUAL SUMMARY

On April 18, 1990, Hood was employed as a Branch Office Administrator (BOA) of the Andrews, Texas office of Edward D. Jones & Co. She was 55 years old at the time she was hired. Robby Rogers was her manager and the Investment Representative for the office. Hood was fired on May 1, 1998 for insubordination, poor work performance, failure to perform ordered tasks, and absenteeism. On November 2, 1998, she filed suit alleging that she was wrongfully terminated based upon her age.[3] In response to discovery requests, Appellees produced the names of all persons over fifty years of age who had been terminated by the company since 1990. Hood then requested, in electronic format, the following information from 1990 forward:

- the ages of all employees for each year;

- the gender of all employees for each year;

- the ages and gender for each job classification;

- any other data regarding company employees including, age, sex, classification, hires, fires, retirements and terminations for any other reason;

- any analysis, assessment and/or survey made by the company regarding any of the above categories;

- company personnel or Human Resources practice and procedures manuals or any other

---

[2] The denial of Hood's motion for sanctions, and the award of fees and costs to Appellees are pending in a separate appeal before the Court, bearing cause number 08-07-00324-CV.

[3] For our purposes here, an employer commits an unlawful employment practice if because of race, color, disability, religion, sex, national origin, or age the employer discharges an individual. TEX.LAB.CODE ANN. § 21.051 (Vernon 2006).

documents which set forth the company's procedures regarding personnel including, but not limited to, hiring, firing, assessments of abilities, annual review, and prevention of age discrimination.

Appellees objected that the request was unduly burdensome; that the information had already been provided by hard copy; and that they did not have the ability to generate an electronic version from the software system information.

Some months later, Hood requested data concerning the termination of all BOAs since 1990 within all age groups. Appellees objected that this request was overbroad, burdensome, harassing, and irrelevant. At this point, Hood filed a motion to compel, arguing that the data was necessary to establish a statistical profile and to show that the company discharged BOAs at a higher rate once they passed age forty. Appellees objected again and estimated that compliance with the request would cost $12,365.[4]

On June 16, 2005, Hood filed an amended motion to compel in which she argued that a recent United States Supreme Court case stood for the proposition that disparate impact theory can be used in age discrimination cases, thus requiring the production of data for the termination of company employees over fifty years of age. *See Smith v. City of Jackson*, 544 U.S. 228 (2005). The trial court granted the motion in part, and required Appellees to provide a list, by hard copy and e-mail if possible, of all employees between the ages of forty and fifty whose employment had been terminated between 1990 and 1999.

## PROPRIETY OF SUMMARY JUDGMENT

In her first issue for review, Hood complains of the summary judgment granted in favor of Rogers. We review a summary judgment *de novo*. *Valence Operating Co. v. Dorsett*, 164 S.W.3d

---

[4] The computer servers at the company contained the records of over 50,000 employees and the data sought would produce some 9,000 pages of documents.

656, 661 (Tex. 2005). The appropriate standard for a traditional summary judgment asks whether the movant carried the burden of showing that there is no genuine issue of material fact, so that judgment should be granted as a matter of law. *Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 846 (Tex. 2005); *De Santiago v. West Tex. Cmty. Supervision & Corr. Dep't*, 203 S.W.3d 387, 398 (Tex.App.–El Paso 2006, no pet.). We consider all the evidence in the light most favorable to the non-movant, indulging every reasonable inference in favor of the non-movant and resolving any doubts against the motion. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 756 (Tex. 2007). We also consider whether reasonable and fair-minded jurors could differ in their conclusions in light of all the evidence presented. *Id*. at 755. Where, as here, a trial court does not specify the grounds upon which it relied in granting a summary judgment, we will affirm if any ground is meritorious. *See Harwell v. State Farm Mut. Auto. Ins. Co.*, 896 S.W.2d 170, 173 (Tex. 1995).

Hood sued Rogers for intentional interference with her contractual relationship with Edward D. Jones & Co. In his motion for summary judgment, Rogers argued (1) that he could not be sued in his individual capacity under the Texas Commission on Human Rights Act (TCHRA);[5] (2) that Hood had no enforceable contract with Jones; and (3) that Rogers was legally justified in terminating Hood. To prevail, Rogers needed to demonstrate that either no contract existed between Hood and Jones or that Rogers, as Jones' agent, could not have intentionally interfered with a contract between Jones and Hood.[6] If a contractual relationship did exist, Rogers would have to show that he was legally justified in interfering with another party's contract.

Tortious interference with a contractual relationship requires a plaintiff to prove: (1) an

---

[5] The powers and duties exercised by the Commission on Human Rights are now exercised by the Texas Workforce Commission (TWC). TEX.LAB.CODE ANN. § 21.0015 (Vernon 2006).

[6] Hood conceded in her response that Rogers could not be held individually liable for an age discrimination claim under TEX.LAB.CODE ANN. § 21.051.

existing contract subject to interference; (2) an intentional and willful act of interference; (3) proximate cause; and (4) actual damages. *Holloway v. Skinner*, 898 S.W.2d 793, 795-96 (Tex. 1995); *Aguilar v. Morales*, 162 S.W.3d 825, 837 (Tex.App.–El Paso 2005, pet. denied). Texas strictly follows the employment-at-will doctrine. *Montgomery County Hosp. Dist. v. Brown*, 965 S.W.2d 501, 502 (Tex. 1998); *East Line & Red River Ry. Co. v. Scott*, 72 Tex. 70, 10 S.W. 99, 102 (1888). "For well over a century, the general rule in this State, as in most American jurisdictions, has been that absent a specific agreement to the contrary, employment may be terminated by the employer or the employee at will, for good cause, bad cause, or no cause at all." *Montgomery County Hosp. Dist.*, 965 S.W.2d at 502. Both Rogers and Steve Rarick, Senior Human Resources Generalist at the home office in Missouri, testified by affidavit that Hood was an at-will-employee and had no employment contract. Thus, Hood was subject to discharge for any reason unless prohibited by Texas or federal law.

Citing *James. E. Sterner v. Marathon Oil Company*, 767 S.W.2d 686, 689 (Tex. 1989), Hood contends that her at-will employment relationship was subject to tortious interference. In *Sterner*, the court determined that third persons may tortiously interfere with an at-will contract that has yet to be terminated. *Id*. Other courts have held that *Sterner* is only applicable when third parties interfere with a contract between two independent entities or persons. *Atlas Copco Tools, Inc. v. Air Power Tool & Hoist, Inc.*, 131 S.W.3d 203, 208 (Tex.App.–Fort Worth 2004)(recognizing *Sterner* applies only to third-party tortfeasors); *Kadco Contract v. Dow Chemical Co.*, 198 F.3d 241(5th Cir. 1999)(holding that *Sterner* only applies to third party tortiously interfering with a person's at-will employment status). In Texas, a party cannot tortiously interfere with a contract to which he is already a party. *Hussong v. Schwan's Sales Enterprises, Inc.*, 896 S.W.2d 320, 326 (Tex.App.–Houston [1st Dist.] 1995, no pet); *Schoellkopf v. Pledger*, 778 S.W.2d 897, 902

(Tex.App.–Dallas 1989, writ denied); *Frost Nat. Bank v. Matthews*, 713 S.W.2d 365, 369 (Tex.App.–Texarkana 1986, writ refused n.r.e.). For liability to attach, Rogers must have acted outside the scope of his employment. The record does not support this conclusion. Rogers was Jones' investment representative. When a corporate representative is acting within the scope of his employment, he cannot tortiously interfere with a contract between his employer and another individual or entity. *Gonzalez v. Gutierrez*, 694 S.W.2d 384, 388-89 (Tex.App.–San Antonio 1985, no writ).

We come now to the purported discrepancies between the summary judgment affidavits. Rogers attested in his affidavit that:

> As the Investment Representative, I was responsible for the management of the Andrews branch office and I was the highest ranking employee in that office. My responsibilities included human resource decision-making, including hiring and terminating of personnel and evaluations of employee work performance for employees under my supervision through ratification of Human Resources of Edward Jones.
>
> .  .  .
>
> On May 1, 1998, due to her failure to improve her job performance, as part of my job responsibilities for Edward Jones, I terminated Ms. Hood for insubordination, poor work performance, failure to perform ordered tasks and absenteeism, which was ratified by Mare [sic] Krantzberg [sic] in Human Resources at Edward Jones.

Steve Rarick stated in his affidavit that:

> As the Investment Representative, Rogers was responsible for managing the branch office and was the highest ranking employee in that office. Rogers' responsibilities included human resource decision-making, which included hiring and firing of personnel and evaluations of employee work performance for employees under his supervision. Rogers was responsible for making all personnel decisions related to employees at the Andrews Branch Office of Edward Jones.

Rarick's affidavit makes no mention of the necessity of Human Resources to approve or ratify employment decisions. Mary Kranzberg, a Human Resources Generalist at the home office, testified

by deposition included in the summary judgment record that company policy required Rogers to obtain counseling and approval before discharging an employee. Rogers sought counseling and maintained extensive communications with Human Resources regarding Hood's employment situation, which Kranzberg documented in her office notes. On May 6, 1997, Rogers contacted Kranzberg to discuss the progressive discipline process. Rogers indicated that his performance review should serve as a verbal warning with an expected improvement time frame of six months. Kranzberg encouraged Rogers to document his problems with Hood. On April 2, 1998, Kranzberg noted that she would prepare a final written warning based on the information Rogers sent her, provided it was warranted. On April 20, 1998, Kranzberg indicated in her notes that "Robby and I served the final written warning to Syble," and she placed a call to Rogers and Hood to discuss it. During the telephone conference, she advised that the company allows each and every Investment Representative to practice his own management style as long as it is not illegal or unethical.

The record reveals that Rogers followed the proper "chain of command" required by company policy and did not act outside the scope or authority of his employment. Because Rogers was acting on behalf of the company, summary judgment was properly granted. We overrule Issue One.

## DENIAL OF DISCOVERY

We review discovery rulings for an abuse of discretion. *Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998); *Texas Dep't of Transp. v. Able*, 35 S.W.3d 608, 617 (Tex. 2000); *Avary v. Bank of Am., N.A.*, 72 S.W.3d 779, 787 (Tex.App.–Dallas 2002, pet. denied). The oft-repeated standard is whether the trial court acted without reference to any guiding rules or principles. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). Absent a clear abuse of discretion, the trial court's ruling will not be disturbed on appeal. *Avary*, 72

S.W.3d at 787.

**Denial of Statistical Data**

In Issue Two, Hood complains of the limitations the trial court placed upon discovery of statistical data. We understand the need for data to show a statistical profile in age discrimination claims. *Smith*, 544 U.S. at 228 (finding disparate impact theory is applicable in age discrimination claims). In November 1999, Appellees provided Hood with the names and locations of all persons over fifty years of age who had been terminated by the company since 1990. Hood first sought the data for **all** employees discharged from 1990 forward via a motion to compel filed on July 7, 2000. She filed an amended motion to compel on June 16, 2005. She complains in her appellate brief that the trial court did not order the production of discharged employees between forty and fifty years of age until the day the jury trial began such that she could not make use of it during the presentation of her case. Appellees take serious issue with this statement, insisting that while the trial court signed the order that date, Appellees had already provided the documentation requested one year earlier. Hood has not disputed that assertion. Moreover, in her own time line included in her briefing, Hood lists no activity between June 14, 2001 and June 16, 2005. She has argued that issuance of the *Smith* opinion changed the dynamics of age discrimination lawsuits, but she admits that *Smith* applied to employees over the age of fifty. She had been in possession of that information since late 1999.

Hood argues that she needed the data concerning terminated employees in all age groups, but she does not detail the statistical analysis of the data she has already obtained. Were she to point to a trend of increasing termination contemporaneous with advancing age, we might be more inclined to agree. In the absence of any attempt by her to do so, we decline to engage in wild speculation as to what the documents produced actually showed or that additional discovery was necessary to a

proper presentation of her case. Because the trial court ordered significant and sufficiently tailored discovery, we perceive no abuse of discretion. We overrule Issue Two.

## Denial of Discovery Related to Hood's Request for Sanctions

Hood requested post-judgment relief under Rules 13 and 166a(h). Rule 13 prohibits the filing of fictitious pleadings. We presume that all pleadings, motions, and other papers are filed in good faith, and except for good cause, sanctions may not be imposed. The burden is on the moving party to overcome this good faith presumption. *GTE Comms. v. Tanner*, 856 S.W.2d 725, 731 (Tex. 1993). Under Rule 166a(h), if summary judgment affidavits are filed in bad faith or solely for the purpose of delay, the court can award reasonable expenses which the filing of the affidavits caused the non-offending party to incur. In Issue Three, Hood challenges the denial of discovery necessary to her request for sanctions.

Hood's request here also derives from the purported contradiction between affidavits in support of Rogers' motion for summary judgment and trial testimony of Rogers, Rarick, and Kranzberg. Simply stated, the issue is whether Rogers had the right to terminate employees without approval of the Human Resources Department. Hood alleges that the affidavits were not the result of mere bad judgment and negligence, but were consciously drafted and executed to obtain dismissal of the claims against Rogers, with Jones' employees knowing full well the statements were false. Appellees respond that the affidavits are not false merely because Jones has procedures in place requiring ratification by Human Resources. Alternatively, they argue that even if the statements were contradictory, it is not an indication of dishonesty or bad faith. *Appleton v. Appleton*, 76 S.W.3d 78, 86-87 (Tex.App.–Houston [14th Dist.] 2002, no pet.). It is "the conscious doing of a wrong for dishonest, discriminatory, or malicious purpose" which must be shown for relief under Rule 13. *Campos v. Ysleta General Hosp., Inc.*, 879 S.W.2d 67, 71 (Tex.App.–El Paso 1994, writ

denied).

We find no abuse of discretion in the denial of post-judgment discovery. Hood is unable to point to more than a minor discrepancy between the affidavits and trial testimony, and the witnesses were available for vigorous cross-examination. Counsel has admitted that he had no evidence to support his motion for sanctions. The purpose of Rule 166a(h) is not served by allowing Hood to peruse the attorneys' files in a fishing expedition launched the day after the jury returned a verdict against her. We overrule Issue Three and affirm the trial court's judgment.


                                        ANN CRAWFORD McCLURE, Justice

January 29, 2009

Before Chew, C.J., McClure, J., and Barajas, C.J. (Ret.)
Barajas, C.J. (Ret.), sitting by assignment